2084-1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Mack Industries, Ltd., et al. | ) | Bankruptcy No. 17-9308 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| _____ | ) | Honorable Carol A. Doyle |
| | ) | |
| Ronald R. Peterson, as Chapter 7 | ) | |
| Trustee for Mack Industries, Ltd., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 19-00578 |
| | ) | |
| Advanced Home Remodeling Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ADVANCED HOME REMODELING INC'S ANSWER TO COUNT 1 OF PLAINTIFF'S ADVERSARY COMPLAINT**

Defendant, Advanced Home Remodeling Inc. ("Advanced"), by and through its attorney, Noonan & Lieberman, Ltd., hereby submits its Answer to Count 1 of Plaintiff's Adversary Complaint as follows.

**NATURE OF THE ACTION**

1.  In this an adversary proceeding, the Trustee seeks to avoid and recover, pursuant to sections 544, 547, 548, and 550 of title 11 of the United States Code (the *"Bankruptcy Code"*) transfers that the Debtor made to Advanced up to 10 years before the Debtors petition date.

**ANSWER:** **Advanced admits the Trustee is seeking relief as alleged in Paragraph 1, however, Advanced denies the Trustee is entitled to the relief sought.**

2.  In addition, the Trustee seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Advanced has filed or asserted against the Debtor. The Trustee

1

does not waive but hereby reserves all of his rights and the rights of the Estate to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) to (j) of the Bankruptcy Code.

**ANSWER:** **Advanced admits the Trustee is seeking relief as alleged in Paragraph 2, however, Advanced denies the Trustee is entitled to the relief sought.**

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. § 1334(b), this court has subject matter jurisdiction over this adversary proceeding, which arises under, and relates to, a case under the Bankruptcy Code pending in the United States Bankruptcy Court for the Northern District of Illinois, captioned *In re: Mack Industries, Ltd., et al.,* Case No. 17-09308.

**ANSWER:** **The allegations contained in Paragraph 3 state a legal conclusion of law, such that no response is required. To the extent that a response is required, Advanced admits this Court has subject matter jurisdiction.**

4. This statutory and legal predicates for the relief sought herein are 11 U.S.C. §§ 502, 544, 547, 548, and 550 of the Bankruptcy Code, as well as Rule 7001 of the Federal Rules of Bankruptcy Procedure.

**ANSWER:** **The allegations contained in Paragraph 4 state a legal conclusion of law, such that no response is required. To the extent that a response is required, Advanced denies all allegations in Paragraph 4.**

5. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter final orders for matters contained herein. To the extent this adversary proceeding is deemed a proceeding in which the Court may not constitutionally enter final orders absent the consent of the litigants, the Trustee consents to the entry of final orders by the Court in this adversary proceeding.

**ANSWER:** **The allegations contained in Paragraph 5 state a legal conclusion of law, such that no response is required. To the extent that a response is required, Advanced admits this is a core proceeding.**

6. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1409. This adversary proceeding has been commenced in this district, where the Debtor's bankruptcy case is pending.

**ANSWER:** **The allegations contained in Paragraph 6 state a legal conclusion of law, such that no response is required. To the extent that a response is required, Advanced admits that venue is proper.**

## PROCEDURAL BACKGROUND

7. On March 24, 2017, the Debtor filed a case under chapter 11 of the Bankruptcy Code (the *"Mack Ltd. Case"*).

**ANSWER:** **Advanced admits the allegations contained in Paragraph 7.**

8. On June 1, 2017, the Court entered an Order converting the Mack Ltd. Case to a case under chapter 7. (Case No. 17-09308, Dkt. 92.) On the same date, the U.S. Trustee duly appointed Ronald R. Peterson as the chapter 7 Trustee. (Case No. 17-09308, Dkt. 84.)

**ANSWER:** **Advanced admits the allegations contained in Paragraph 8**.

9. Five entities affiliated with Mack Ltd. – Mack Industries II LLC, Mack Industries III LLC, Mack Industries IV LLC, Mack Industries V LLC, and Mack Industries VI LLC – also filed petitions for relief under chapter 7 of the Bankruptcy Code, and the U.S. Trustee has appointed Ronald R. Peterson as the chapter 7 Trustee in these additional cases (collectively with the Mack Ltd. Case, the *"Mack Cases"*). (see Case No. 17-16859, Dkt. 8; Case No. 17-17106, Dkt. 6; Case No. 17-17109, Dkt. 7; Case No. 18-03445, Dkt. 6; Case No. 18-03451, Dkt. 5.)

**ANSWER:** **Advanced admits that the cases listed in Paragraph 9 were filed; however, Advanced lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 9**.

10. On June 21, 2017, and February 15, 2018, the Court ordered the joint administration of the Mack Cases. (Case No. 17-09308, Dkt. 110 & 369.)

**ANSWER:** **Advanced admits the allegations contained in Paragraph 10.**

11. Certain creditors of Oak Park, an affiliate of Mack Ltd., filed an involuntary petition for relief under chapter 11 of the Bankruptcy Code against Oak Park (the *"Oak Park Case"*). (case No. 17-16651, Dkt. 1.)

**ANSWER:** **Advanced admits the allegations in contained Paragraph 11.**

12. On June 29, 2017, the Court entered an order for relief in the Oak Park Case and, on July 12, 2017, granted Oak Park's motion to convert the Oak Park Case to a case under chapter 7. (See Case No. 17-16651, Dkt. 22 & 29.)

**ANSWER:** **Advanced admits the allegations in contained Paragraph 12 except that the order for relief was entered on June 28, 2017, not June 29, 2017.**

13. The U.S. Trustee appointed Ronald R. Peterson as the chapter 7 Trustee in the Oak Park Case. (Case no. 17-16651, Dkt. 31.) The Oak Park Case is being jointly administered with the Mack Cases. (Case No. 17-09308, Dkt. 132.)

**ANSWER:** **Advanced admits the allegations contained in Paragraph 13.**

## FACTS COMMON TO ALL COUNTS

1. **The Debtor and its related entities.**

14. Prior to the Debtor's petition date, the Debtor and its related entities engaged in the business of wholesale real estate investing, management, and development.

**ANSWER:** **Advanced lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 14 and as such denies the same.**

15. Among other things, the Debtor acquired real estate, rehabbed it, and then either sold it or kept it and rented it to tenants.

**ANSWER:** **Advanced lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 15 and as such denies the same.**

16. The Debtor was owned by James K. McClelland (*"James Sr."*).

**ANSWER:** **Advanced lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 16 and as such denies the same.**

17. The Debtor was founded in 1998 and, for many years, the real estate business was generally conducted under the Debtor's name.

**ANSWER:** **Advanced lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 17 and as such denies the same.**

18. In 2009, however, James Sr. and his son, James H. McClelland (*"James Jr."* and collectively with James Sr., the *"McClellands"*), created Mack Investments I LLC (*"Mack Investments I"*) to pursue some lines of businesses.

**ANSWER:** **Advanced lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 18 and as such denies the same.**

19. Beginning in 2013, the Mack enterprise began to expand substantially. That year, the McClellands created 16 new entities to handle various lines of business. The McClellands continued to create new entities over the years.

**ANSWER:** **Advanced lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 19 and as such denies the same.**

    20.    The entities that the McClellands created include:

        a.    Mack Industries II LLC ("*Mack II*"), which was owned by the Debtor;

        b.    Mack Industries III LLC (*"Mack III"*), which was owned by the Debtor;

        c.    Mack Industries IV LLC ("*Mack IV*"), which was owned by the Debtor;

        d.    Mack Industries V LLC ("*Mack V*"), which was owned by the Debtor;

        e.    Mack Industries VI LLC ("*Mack VI*"), which was owned by the Debtor;

        f.    Wheelhouse Investments LLC ("*Wheelhouse*"), which was owned by James Jr.;

        g.    Mack Investments II LLC ("*Mack Investments II*"), which was owned by the McClellands;

        h.    and many others.

**ANSWER:** **Advanced lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 20 and as such denies the same.**

    21.    By 2013, most new properties were acquired not by the Debtor but by related entities. These related entities had their own loans, and their properties were subject to mortgages in favor of their lenders.

**ANSWER:** **Advanced lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 21 and as such denies the same.**

**2.    Advanced and its business.**

    22.    Advanced was created in January 2013.

**ANSWER:** **Advanced admits the allegations contained in Paragraph 22, however Advanced further states that it was involuntarily dissolved on June 8, 2018 and as such is no longer in operation.**

23. Advanced is in the business of renovating properties that others owned.

**ANSWER:** **Advanced admits that it was in the business of renovating properties and further states that it was involuntarily dissolved on June 8, 2018.**

24. Advanced's president is Michael Marion.

**ANSWER:** **Advanced Admits that Michael Marion was its president. However, Advanced was involuntarily dissolved on June 8, 2018.**

25. On information and belief, Marion worked for the Debtor or a related entity in some capacity. Often, he used an "ibuymack.com" email address when conducting Advanced's business.

**ANSWER:** **Advanced denies that Marion worked for the Debtor or a related entity. However, Advanced admits that Mike Marion, in his capacity as president for Advanced, used the "ibuymack.com" email address when conducting business with the Debtor as per the Debtor's request.**

26. On Advanced's page on the Illinois Secretary of State's website, two addresses are listed for Marion. One is 13121 Steeplechase Dr., New Lenox, IL 60451. The other is 17669 Peacock Lane, Tinley Park, IL 60487, which, prior to the Debtor's bankruptcy, was owned at various times by Mack Investments I, the Debtor, and Mack VI.

**ANSWER:** **Advanced admits that the two addresses listed in Paragraph 26 are listed for Advanced on the Illinois Secretary of State's website. However, Advanced lacks sufficient**

**knowledge to either admit or deny the remaining allegations contained in Paragraph 26 and as such denies the same.**

27. The owners of Advanced are unknown.

**ANSWER:  Advanced denies the allegations contained in Paragraph 27.**

**3.  The Debtor's payments to Advanced for work done on properties the Debtor did not own.**

28. The Debtor paid Advanced to perform renovation services on at least 467 properties.

**ANSWER:  Advanced admits it was paid for actual work performed by the Debtor. However, Advanced lacks sufficient knowledge regarding the number of properties involved to either admit or deny the remaining allegations contained in Paragraph 28 and as such denies the same.**

29. Sometimes, the Debtor owned the property that was being renovated. Most of the time, however, another entity such as Wheelhouse, Mack II, Mack V, or Mack Investments I owned the property.

**ANSWER:  Advanced lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 29 and as such denies the same.**

30. For example, the Debtor paid Advanced for renovating properties owned by Wheelhouse, Mack II, Mack V, and Mack Investments 1.

**ANSWER:  Advanced lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 30 and as such denies the same.**

31. In all, the Debtor transferred $17,578,777.13 to Advanced between 2013 and 2017 (the *"Transfers"*). These Transfers were in substantial part for work on properties the Debtor did not own.

8

**ANSWER:    Advanced admits that during its time in operation, it received payments for work performed; however, Advanced lacks sufficient knowledge regarding the exact amount received to either admit or deny the allegations contained in Paragraph 31 and as such denies the same.**

32.    During the course of this proceeding, the Trustee may learn (through discovery or otherwise) of additional Transfers made to or for Advanced's benefit during the period for which Transfers can be avoided.  It is the Trustee's intention to avoid and recover all Transfers made by the Debtor that are avoidable under 11 U.S.C. §§ 544 and 548.  The Trustee reserves his right to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional Transfers, (iii) modifications of and/or revisions to any defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the *"Amendments"*), that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

**ANSWER:    The allegations contained in Paragraph 32 state a legal conclusion of law, such that no response is required. To the extent that a response is required, Advanced denies the same.**

### COUNT 1 – AVOIDANCE OF PREFERENTIAL TRANSFERS
### 11 U.S.C. § 547

33.    The Trustee incorporates all previous allegations of this Complaint as though fully set forth in this Count.

**ANSWER:    Defendant adopts and realleges all previous responses to the allegations of this Complaint as and for its answers to paragraph 33 of Count 1 as if fully stated further herein.**

34. On January 31, 2017, within 90 days immediately prior to the Debtor's petition date, the Debtor made a Transfer of $30,000 to Advanced.

**ANSWER:** **Advanced lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 34 and as such denies the same.**

35. The Transfer was made from the Debtor's bank account and constituted a transfer of an interest in property of the Debtor.

**ANSWER:** **Advanced lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 35 and as such denies the same.**

36. To the extent the $30,000 Transfer was on account of a property owned by the Debtor, Advanced was a creditor of the Debtor at the time of the Transfer within the meaning of 11 U.S.C. § 101(10)(a).

**ANSWER:** **The allegations contained in Paragraph 36 state a legal conclusion of law, such that no response is required. To the extent that a response is required, Advanced denies the same.**

37. To the extent the $30,000 Transfer was on account of a property owned by the Debtor, the $30,000 Transfer was made to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor to Advanced.

**ANSWER:** **The allegations contained in Paragraph 37 state a legal conclusion of law, such that no response is required. To the extent that a response is required, Advanced denies the same.**

38. To the extent the $30,000 Transfer was on account of a property owned by the Debtor, the $30,000 Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor to Advanced before such Transfer was made.

**ANSWER:** **The allegations contained in Paragraph 38 state a legal conclusion of law, such that no response is required. To the extent that a response is required, Advanced denies the same.**

39. The $30,000 Transfer was made while the Debtor was insolvent.

**ANSWER:** **Advanced denies the allegations contained in Paragraph 39.**

40. The Trustee is entitled to the presumption of insolvency for the $30,000 Transfer pursuant to 11 U.S.C. § 547(f).

**ANSWER:** **The allegations contained in Paragraph 40 state a legal conclusion of law, such that no response is required. To the extent that a response is required, Advanced denies the same.**

41. As a result of the $30,000 Transfer, Advanced received more than it would have received if: (i) the Debtor's case was under chapter 7 of the Bankruptcy Code; (ii) the Transfer had not been made; and (iii) Advanced received payments of its debts under the provisions of the Bankruptcy Code.

**ANSWER:** **Advanced lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 41 and as such denies the same.**

42. As evidenced by the Debtor's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtor's liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtor's bankruptcy estate.

**ANSWER:**     **Advanced lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 42 and as such denies the same.**

43.    In accordance with the foregoing, the $30,000 Transfer is avoidable as a preferential transfer pursuant to 11 U.S.C. § 547(b).

**ANSWER:**     **The allegations contained in Paragraph 43 state a legal conclusion of law, such that no response is required. To the extent that a response is required, Advanced denies the same.**

WHEREFORE, Advanced prays for a judgment against the Plaintiff and an order: (a) denying all relief sought by Plaintiff's Complaint; (b) dismissing the Complaint; (c) entering an award for the attorney's fees and costs incurred by Advanced in defending this action; and (d) granting such other relief as this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

In addition and without assuming the burden of proof where it otherwise rests with Plaintiff, Ronald R. Peterson, as chapter 7 trustee for Mack Industries Ltd. ("Trustee") Advanced Home Remodeling Inc. ("Advanced") states the following defenses solely to Count One of the Trustee's Complaint:

### FACTS COMMON TO ALL AFFIRMATIVE DEFENSES

1. Advanced was incorporated on January 17, 2013 and was involuntarily dissolved on June 8, 2018.

2. During its five years in operation, Advanced provided home remolding and other construction services.

3. At times, Advanced acted as a subcontractor, hired by and working under the direction of the general contractor on a particular project.

4. On projects where Advanced worked as a sub-contractor, and as is customary in such situations, Advanced would be paid by the general contractor.

5. During the time that Advanced was in operation, Mack Industries Ltd. ("Mack") hired Advanced to work as a sub-contractor on certain projects.

6. When working as a sub-contractor for Mack, Advanced would be paid by Mack as is customary.

7. On March 24, 2017, Mack sought relief under chapter 11 of the United States Bankruptcy Code.

8. On June 1, 2017, this Court entered an order converting Mack's chapter 11 bankruptcy to chapter 7 of the United States Bankruptcy Code (Case N. 17-09308, Dkt. 92).

9. On March 23, 2019, the Trustee filed a Complaint seeking to avoid pre-petition transfers made to Advanced.

**First Affirmative Defense - Ordinary Course of Business**

10. Advanced hereby restates and reasserts the common facts stated above as if fully stated herein in this defense.

11. Count one of the Trustee's Complaint seeks to avoid a transfer that Mack allegedly made to Advanced on January 31, 2017.

12. However, Count One of the Trustee's Complaint fails pursuant to 11 U.S.C. §§ 547 (c)(2)(A) and 547(c)(2)(B) as any transfer made to Advanced was made as payment for work Advanced preformed as sub-contractor for Mack, the general contractor.

13. The payments were made pursuant to terms negotiated and agreed upon by Advanced and Mack.

14. Therefore, the payments were made in the ordinary course of business or financial affairs of Advanced and Mack.

15. In addition, the payments were made pursuant to the ordinary business terms agreed upon by Advanced and Mack.

## Second Affirmative Defense - New Value

16. Advanced hereby restates and reasserts the common facts stated above as if fully stated herein in this defense.

17. Count One of the Trustee's Complaint seeks to avoid a transfer that Mack allegedly made to Advanced on January 31, 2017.

18. In this case, Advanced provided services which increased the value of real estate owned by Mack or its affiliates, therefore, Mack obtained new value for the transfers such that the transfers are unavoidable under 11§ U.S.C. 547(c)(1).

WHEREFORE, Wherefore Advanced prays for a judgment against the Plaintiff, Ronald R. Peterson, as chapter 7 trustee for Mack Industries Ltd. and an order: (a) denying all relief sought by Plaintiff's Complaint; (b) dismissing the Complaint; (c) entering an award for the attorney's fees and costs incurred by Advanced in defending this action; and (d) granting such other relief as this Court deems just and equitable.

Respectfully submitted,

Advanced Home Remodeling Inc.

By: /s/ Jill Sidorowicz_____
     One of its Attorneys

Noonan & Lieberman, Ltd.
105 W. Adams, Suite 1800
Chicago, IL 60603
312-431-1455
312-431-1456 fax
intake@noonanandlieberman.com

2084-1

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Mack Industries, Ltd., et al. | ) | Bankruptcy No. 17-9308 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| _____ | ) | Honorable Carol A. Doyle |
| | ) | |
| Ronald R. Peterson, as Chapter 7 | ) | |
| Trustee for Mack Industries, Ltd., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 19-00578 |
| | ) | |
| Advanced Home Remodeling Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 25, 2019, I electronically filed the foregoing DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT using the CM/ECF system, which will send notification of such filing to all attorneys of record.

         Respectfully submitted,

         Advanced Home Remodeling Inc.

         By:   /s/ Jill Sidorowicz_____
                One of its Attorneys

Noonan & Lieberman, Ltd.
105 W. Adams, Suite 1800
Chicago, IL 60603
312-431-1455
312-431-1456 fax
intake@noonanandlieberman.com