## United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | **Carol A. Doyle** | Case No. | 17 B 09308 |
|---|---|---|---|
| **DATE** | January 22, 2021 | **ADVERSARY NO.** | 19 A 00578 |
| **CASE TITLE** | Ronald R. Peterson, as chapter 7 trustee for Mack v. Advanced Home Remodeling Inc. | | |

**DOCKET ENTRY TEXT**

The Defendant's Motion to Dismiss the Amended Complaint is denied.

**[For further details see text below.]**

## STATEMENT

Ronald Peterson filed this adversary proceeding as the chapter 7 trustee of debtor Mack Industries, Ltd. ("Mack"). He seeks to recover over $16 million in transfers made by Mack to defendant Advanced Home Remodeling Inc. ("Advanced") as fraudulent and preferential. Advanced filed a motion to dismiss the complaint. After the court granted a motion to dismiss a similar complaint in *Peterson v. McClean (In re Mack Industries, Ltd.)*, No. 19-ap-433, 2019 Bankr. LEXIS 3603, (Bankr. N.D. Ill. Nov. 20, 2019), the trustee consented to dismissal of the complaint in this case. He was granted leave to amend and he filed an amended complaint. Advanced filed a motion to dismiss Counts 1 and 2 of the amended complaint - the fraudulent transfer claims. It raised a number of arguments, each of which is discussed below.

**STATEMENT**

1.    <u>Mack's Interest in Property Transferred</u>

Advanced argues that the amended complaint must be dismissed because the trustee has failed to allege that Mack had an interest in the money it transferred.  Advanced correctly states that § 548 of the Bankruptcy Code permits the trustee to avoid a transfer of "an interest of the debtor in property."  11 U.S. C. § 548(a).  It contends that the trustee's allegation that Mack paid Advanced from its bank accounts is not sufficient to allege that Mack had an interest in that money.  It further contends that the allegations in the complaint demonstrate the opposite - that the money Mack transferred was held in trust or for the benefit of others.  Advanced goes so far as to say "the trustee admits the funds held by the debtor were held in trust for the benefit of third parties, property owners, other than itself, of numerous properties."  Advanced points to various allegations that it contends show that Mack managed property for other parties, collected rent for them, and was obligated to pay their creditors.  It argues that the money used to pay Advanced was not generated by Mack's business but instead was rent money intended to be used to pay the property owners' debts, including their debts owed to Advanced.

On a motion to dismiss the court must make reasonable inferences in favor of the plaintiff.  *Hanson v. LeVan*, 967 F.3d 584, 592 (7th Cir. 2020).  The trustee alleged that Mack paid Advanced's invoices from its bank accounts and he attached exhibits with details of the transfers.  It is reasonable to infer that Mack owned the money in Mack's bank accounts that it transferred to Advanced.  The trustee has not admitted that Mack did not hold an interest in the money transferred or that it held money in trust for anyone.  Advanced's argument raises many factual issues that cannot be resolved on a motion to dismiss.

2.    <u>Rule 9(b)</u>

Advanced argues that the trustee has failed to satisfy the heightened pleading requirements of Rule 9(b) for both of his fraudulent transfer claims for two reasons.  First, Advanced contends that the trustee has not pleaded enough specific details about each transfer to satisfy Rule 9(b) for either fraudulent transfer claim.  The court disagrees.  The exhibits to the amended complaint provide enough information to comply with Rule 9(b).  Exhibit A provides specific information about each transfer.  Exhibit B is a 280 page exhibit that breaks down each transfer and provides the date, amount, address, and owner of the property at which Advanced provided services.  These details are sufficient to satisfy Rule 9(b).  Further details can be obtained in discovery.

Second, Advanced contends that the trustee has failed to allege sufficient facts to support his fraudulent transfer claim based on actual fraud in Count 2.  The court has addressed this issue in opinions entered in other adversary proceedings, including *Peterson v. Capital One N.A. (In re Mack Industries, Ltd.)*, No. 19-ap-372, 2020 WL 6708874, at *7 (Bankr. N.D. Ill. Nov. 16, 2020); *Peterson v. Ferguson Enterprises, Inc. (In re Mack Industries, Ltd.)*, No. 19-ap-436, 2020

## STATEMENT

WL 6589040, at *8 (Bankr. N.D. Ill. Nov. 10, 2020). For the reasons stated in those opinions, the trustee has alleged enough to survive a motion to dismiss for his fraudulent transfer claim based on actual fraud.

3.  <u>Constructive Fraud Claim - Reasonably Equivalent Value</u>

Advanced argues that the trustee has not sufficiently pleaded the element of reasonably equivalent value for his fraudulent transfer claim based on constructive fraud in Count 1. It contends, among other things, that some allegations in the amended complaint and exhibits are inconsistent with the trustee's contention that Mack did not receive value for the services provided by Advanced. Making reasonable inferences in favor of the trustee, the allegations in the amended complaint are sufficient to plead the lack of reasonably equivalent value. Advanced also argues that indirect benefits to a related company can provide reasonably equivalent value. This issue raises factual questions that cannot be resolved on a motion to dismiss.

4.  <u>Conclusion</u>

Advanced has failed to raise a valid basis for dismissing the amended complaint. The motion to dismiss is denied.

Dated:   January 22, 2021

ENTERED:

_____
Carol A. Doyle
United States Bankruptcy Judge